**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **SYNOVUS BANK, formerly known as** | ) | |
| **COLUMBUS BANK AND TRUST** | ) | |
| **COMPANY, as successor in interest** | ) | |
| **through name change and by merger** | ) | |
| **with TRUST ONE BANK** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  2:14-cv-02340-STA-cgc** |
| | ) | |
| **HIGHWAY SEVENTY PARTNERS, a** | ) | |
| **Tennessee general partnership, GLEN** | ) | |
| **E. BASCOM, SR., GLEN E. BASCOM** | ) | |
| **II, and CHRISTOPHER D. MONTESI** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER DENYING MOTION FOR 54(b) CERTIFICATION AND VACATING DEFAULT JUDGMENT

### BACKGROUND

Before the Court is Plaintiff Synovus Bank's ("Synovus") Motion for Rule 54(b) Certification as to Default Judgment Against Defendant Christopher Montesi.  (ECF No. 52). The Clerk of Court entered default as to Defendant Christopher D. Montesi ("Montesi") on July 29, 2014.  (ECF No. 37).  Synovus then filed a Motion for Default Judgment as to Christopher D. Montesi on July 30, 2014 (ECF No. 38), and the Court granted that Motion on October 14, 2014. (ECF No. 51).  Subsequently, Synovus filed the instant Motion, asking the Court to certify its judgment against Defendant Montesi under Rule 54(b).  In reviewing that Motion, the Court determined that it should not have granted the Plaintiffs' Motion for Default Judgment under

Rule 55.  The Court then directed the Plaintiff to respond as to why the Court should not vacate its Order Granting Plaintiff's Motion for Default Judgment (ECF No. 54), and the Plaintiff diligently responded (ECF No. 56).  The Court, however, holds that its default judgment should indeed be vacated, leaving Defendant Christopher Montesi in default until determination of this matter on the merits.   Thus, the Court's Order Granting Plaintiff's Motion for Default Judgment is **VACATED**, and the Defendants' Motion for 54(b) Certification as to Default Judgment Against Defendant Christopher Montesi is **DENIED**.

## DISCUSSION

The Court directed the Plaintiff to show why the Court should not vacate its Default Judgment against Montesi and leave Montesi in default until determination of the claims on the merits.  At the outset, "[w]hen it comes to multi-defendant cases, the 'preferred practice' in this Circuit is 'to withhold granting default judgment until the trial of the action on the merits.'"[1] Plaintiff responded that

> because the claimed liability of the multiple defendants [in this case] is joint and several, as opposed to joint, there is no legal or practical reason for preventing Plaintiff from obtaining the immediate benefit of a final and enforceable judgment against Montesi, a defendant who has chosen not to oppose the relief sought by Plaintiff against him.[2]

The Plaintiff's claims against all defendants are for (1) the outstanding balance owed under a promissory note executed in connection with a commercial loan, and (2) for breach of separate personal guaranties that each of the three individual defendants executed in connection with the loan and note.

---

[1] *Alig-Mielcarek v. Jackson*, No. 2:11-cv-00255, 2013 U.S. Dist. LEXIS 161319, at *3–4 (S.D. Ohio Nov. 12, 2013) (quoting *Kimberly v. Coastline Coal Corp.*, No. 87-6199, 1988 U.S. App. LEXIS 12265, at *5–6 (6th Cir. Sept. 9, 1988)).

[2] Pl.'s Response 1, ECF No. 56.

The basis for the "preferred practice" of withholding granting a default judgment against a single defendant in a multi-defendant case stems from an 1872 Supreme Court case, *Frow v. De La Vega*.[3]  *Frow* explained the danger in granting a default judgment against only one defendant: "there might be one decree of the court sustaining the charge . . . committed by the defendants, and another decree disaffirming the said charge, declaring it to be entirely unfounded and dismissing the complainant's bill."[4]  In other words, the danger is granting two inconsistent judgments.  As the Plaintiff notes, the *Frow* rule is "a narrow one," applying when liability is "joint."[5]  But many courts have determined that the *Frow* inquiry "turns not on labels such as 'joint liability' or 'joint and several liability,' but rather on the key question of whether under the theory of the complaint, liability of all the defendants must be uniform."[6]

The Court must determine, then, whether different judgments against the defaulting party—Montesi—and the defending parties—Highway Seventy, Glen Bascom, and Glen Bascom II—would be logically inconsistent.  Although this Court's reasoning often will not apply to other facts, the Court holds that the facts in this case give the Court good cause to exercise its discretion in declining to enter default judgment against Montesi.  First, the Court notes that the first claim against all defendants is based upon the promissory note.  The promissory note, a two-page document, is signed by Glen Bascom, Glen Bascom II, and

---

[3] *See Frow v. De La Vega*, 82 U.S. (15 Wall.) 522 (1872).

[4] *Id.* at 554.

[5] *See Kimberly*, 1988 U.S. App. LEXIS 12265, at *7.

[6] *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1008 (N.D. Cal. 2001); *see Hitachi Med. Sys. Am. v. Horizon Med. Grp.*, No. 5:07CV020305, 2008 U.S. Dist. LEXIS 107934, at *9 (N.D. Ohio Jan. 28, 2008).

Montesi.[7]  The second claim is based upon three individual guaranty agreements, each of which is signed by a single party.[8]  All three guaranty agreements contain the exact same language and were signed on the same day in the presence of the same notary public.

Although at this point in the litigation the defenses of the defending parties to these agreements are unclear, the Court is concerned that certain defenses—if raised by the defending parties—could potentially negate the effect of such agreements.[9]  In that case, if the Court had already granted a default judgment against Montesi and certified it under Rule 54(b) as the Plaintiff wishes, the Court could potentially be left with a final judgment declaring the agreements or certain provisions enforceable and another final judgment declaring the agreements or certain provisions unenforceable.[10]  This is especially concerning when looking to the promissory note, which is signed by all parties, and still troubling as to the guaranty agreements, which all contain the exact same language.  In defending the action, some defenses may only apply to one specific party, while others may challenge the enforceability or construction of the agreements.  Certain situations involving joint and several liability do not

---

[7] Note, Exhibit B to Pl.'s Compl., ECF No. 1-3.

[8] Guaranty Agreements, Exhibit D to Pl.'s Compl., ECF No. 1-5.

[9] The Court is in no way considering the merits of the agreements or the Plaintiff's claims.  Rather, it must discuss the action hypothetically in order to evaluate the potential for inconsistent judgments.

[10] *Hitachi*, 2008 U.S. Dist. LEXIS 107934, at *9 ("It would be absurd to hold Defendants liable for claims based on amounts due under the acceleration clause in certain contracts, where the Court held in the same case that the answering defendants were not liable on the same claims because the same acceleration clause in identical contracts was unenforceable as a matter of law.").

implicate *Frow*'s principle, but here, potentially holding some but not all defendants liable "is precisely the type of absurdity cautioned against by the Supreme Court in *Frow*."[11]

The Plaintiff is correct when it asserts that a hypothetical plaintiff "could elect to sue two joint and several defendants in separate actions in separate courts if it so chose, and there would be a great possibility, clearly allowable under the law, of inconsistent judgments." But in this case, the Plaintiff has not elected to sue in separate courts. Instead, it has elected to sue all four defendants in the same action, and it now asks the Court to grant a default judgment against one of those defendants. "A motion for default judgment is addressed to the court's discretion, and, the movant is not entitled to a default judgment as of right, even 'when the defendant is technically in default.'"[12] Exercising such discretion, the Court **VACATES** its Order Granting Default Judgment as to Defendant Montesi and **DENIES** Plaintiff's Motion for Rule 54(b) Certification as to Default Judgment Against Defendant Montesi. Defendant Montesi shall remain in default in accordance with the Clerk's previous entry of default. Remaining in default, Montesi is deemed to have admitted all factual allegations in the Plaintiff's Complaint.[13]

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: December 18, 2014.

---

[11] *Id.* at *10–11.

[12] *Pryor v. Hurley*, No. 2:05-cv-936, 2006 U.S. Dist. LEXIS 46350, at *12 (S.D. Ohio July 7, 2006) (quoting 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* §§ 2681, 2685).

[13] *See United States v. Kuglin*, No. 11-2741, 2013 U.S. Dist. LEXIS 31471, at *7–8 (W.D. Tenn. Mar. 7, 2013).