IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**SYNOVUS BANK, formerly known as**
**COLUMBUS BANK AND TRUST COMPANY,**
as successor in interest through
name change and by merger with **TRUST ONE BANK**

    **Plaintiff,**

v.     No. 14-02340-STA-cgc

**HIGHWAY SEVENTY PARTNERS,**
a Tennessee general partnership,
and Glen E. Bascom, Sr., Glen E. Bascom II,
and Christopher D. Montesi

    **Defendant.**

---

## ORDER
---

Before the Court, by way Order of Reference (D.E. # 67), is Defendant's February 23, 2015 Motion to Extend the Deadline to Disclose Expert Witnesses. (D.E. # 65). Plaintiff filed its response in opposition to the Motion on February 25, 2015. (D.E. # 66) There was a telephonic hearing on the Motion on March 24, 2015 with each of the parties being represented by counsel. Based on the Motion, Response and the statements of counsel at the Motion hearing, the Court DENIES the Motion.

Fed. R. Civ. P. 16(b)(4) provides that a "schedule may be modified only for good cause and with the judge's consent." "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 625 (6th Cir.2002) (quoting *Bradford v. DANA Corp.,* 249 F.3d 807, 809 (8th Cir.2001)). Fed. R. Civ. P. 6(b)(2) permits the court to extend the time to act

(after the time to act has expired) upon a finding of good cause if the party failed to act because of excusable neglect. Excusable neglect is a "strict standard which is met only in extraordinary cases." *Nicholson v. City of Warren,* 467 F.3d 525, 527 (6th Cir.2006) (citing *Marsh v. Richardson,* 873 F.2d 129, 130 (6th Cir.1989)). Generally, inadvertence, ignorance of the rules, or mistakes interpreting the rules, even by those proceeding without counsel, do not constitute excusable neglect. *Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380, 392, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).; *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993)). Defendant's reasons for the delay are unavailing and do not demonstrate either good cause or excusable neglect. The August 8, 2014 Scheduling Order (D.E. # 41) set February 9, 2015 as the deadline for disclosure of Defendant's Rule 26(a)(2) expert information. The Motion states that "Defendant thought that disclosure of its expert witness during discovery was sufficient to satisfy the requirements under Federal Rules of Civil Procedure 26(a)(2)." The delay was fully within the control of the Defendant. No explanation is provided for waiting two weeks after the deadline passed to request the extension to submit a disclosure that conformed to the rules.

Defendant asserts that Plaintiff "will not be prejudiced by granting an extension to disclose expert witnesses, because Plaintiff has the expert witness's information and the appraisal prepared by the expert witness." "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Here, the Court finds that Defendant was not diligent in complying with the requirements of Rule 26(a)(2) and in adhering to the Scheduling Order. Consequently, there is

no need for the Court to address questions of prejudice to the party opposing the modification.

Therefore, the Motion for an extension of time to disclose expert witnesses is DENIED.

**IT IS SO ORDERED** this 26th day of March, 2015.

                                                s/ Charmiane G. Claxton
                                                CHARMIANE G. CLAXTON
                                                UNITED STATES MAGISTRATE JUDGE