IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| SYNOVUS BANK, formerly known as COLUMBUS BANK AND TRUST COMPANY, as successor in interest Through name change and by merger With TRUST ONE BANK, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:14-cv-02340-STA-cgc |
| HIGHWAY SEVENTY PARTNERS, a Tennessee general partnership, and GLEN E. BASCOM, SR., GLEN E. BASCOM II, AND CHRISTOPHER D. MONTESI | ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Plaintiff Synovus Bank's Motion for Summary Judgment, filed April 8, 2015. (ECF No. 72). Defendants Glen E. Bascom, Sr., Glen E. Bascom II, and Highway Seventy Partners filed their Response in Opposition to the Motion on May 6, 2015.[1] (ECF No. 73). Synovus filed its Reply on May 20, 2015. (ECF No. 75). For the reasons stated below, Synovus's Motion for Summary Judgment is **GRANTED**.

**BACKGROUND**

Each of the following facts is undisputed unless otherwise noted. Synovus filed its Complaint on May 8, 2014, alleging default of a loan agreement entered into on April 3, 2009,

---

[1] Having failed to plead or otherwise respond to the Complaint, Defendant Christopher D. Montesi remains in default. (*See* Order Denying Mot. for 54(b) Cert. & and Vacating Default J., ECF No. 57). In light of this order, judgment will be entered against all Defendants.

1

and seeking a judgment in the amount alleged. (Compl., ECF No. 1). Synovus provided a commercial loan to Highway Seventy in the amount of $400,000 for the refinance of 17.939 acres on Highway 70 in Arlington, Tennessee. (Pl.'s Statement of Undisputed Facts ¶ 4, ECF No. 72-2). The three individual Defendants unconditionally guaranteed the loan. (Guaranty Agreements, ECF No. 1-5), The note was modified by a series of modification agreements, with the last modification dated September 20, 2013 (the "Final Modification"). (Pl.'s Statement of Undisputed Facts ¶ 6). On or about April 3, 2009, Synovus disbursed the amount of $400,000 in accordance with the note and loan agreement. (*Id.* ¶ 7). Highway Seventy made interest payments in accordance with the note and modifications until October 18, 2013, at which time Highway Seventy Partners ceased to make payments. (*Id.* ¶ 8). The Final Modification required monthly interest payments, which Defendants failed to make. (*Id.*¶ 9). By letter dated February 3, 2014, Synovus declared default for nonpayment and accelerated the indebtedness and the total principal and interest balance under the loan and note became due at that time. (*Id.* ¶ 10). Highway Seventy is in default under the terms of the Note for failing to make the payments required thereunder. (*Id.* ¶ 11).

The total amounts owed under the note are $389,002.33 principal, $47,011.54 interest through April 7, 2015 (plus additional accrued interest at the daily rate of $64.83 through the date of judgment), and $2,823.90 late charges and fees. (*Id.* ¶ 12). The Defendants, experienced real-estate investors at the time, were given an opportunity to review the loan documents before signing, read the documents, and then entered into the loan voluntarily. (*Id.* ¶ 13–14). Furthermore, the Defendants were aware of what a nonrecourse loan was at the time of this loan, and they admit that they were fully aware that the loan was not nonrecourse. (*Id.* ¶ 15). Synovus did not misrepresent anything to the Defendants in connection with the loan or the loan

documents. (*Id.* ¶ 16). Finally, the Defendants agree that the loan documents control the parties' rights and obligations in connection with the loan and admit that nothing in the loan documents requires the Synovus to foreclose on the collateral before pursuing a judgment for the amount due under the note. (*Id.* ¶ 17).

The relevant provision of the loan agreement provides the following:

> 9. <u>REMEDIES UPON DEFAULT:</u> In the event of the occurrence of any of the above listed events of default, then Bank after ten (10) days written notice of default to Borrower and failure of Borrower to cure the debt within that time, at any time thereafter, at its option, take any or all of the following actions, at the same or different times:
> (a) Declare the balance of the Note to be forthwith due and payable; both as to principal and interest, without presentment, demand, protest, or other notice of any kind, all of which are hereby expressly waived by Borrower, anything contained herein or the Note to the contrary notwithstanding; and/or
> . . . .
> (c) Take immediate possession of any or all collateral including real and personal property, which may be granted to the Bank as security for the obligations of Borrower under this Agreement; and/or
> (d) Exercise such other rights and remedies as the Bank may be provided in the Note, Deed of Trust, Security Agreement, and any other documents executed pursuant to this Agreement, or as provided by law.

(Loan Agreement, ¶ 9, ECF No. 1-2). After admitting that the loan documents—the note, loan agreement, and guaranties—"control the parties' rights and obligations," the Defendants simply assert that

> they understood the language [in the section labeled "Remedies Upon Default"] to mean that upon default the total amount of the loan would become due and that the Plaintiff would take the property used as collateral upon default of the loan. The Plaintiff interpreted the language "Exercise such other rights and remedies" as to gives [sic] them the option to pursue means other than foreclosure against the Defendants. The Defendants took this section to mean that upon default the Plaintiff would take the

3

> property used as collateral to secure the loan. . . . Because both sides could reasonably interpret the same language differently, that is an ambiguity in the contract and because of that ambiguity, there was no meeting of the minds.

(Defs.' Resp. in Opp'n to Pl.'s Mot. Summ. J. 7, ECF No. 74). The Defendants have conflated a contract-formation question with a contract-interpretation question. They have admitted that they agreed to certain terms forming a contract; they only challenge the meaning and legal effect of the language in the loan agreement.[2] Thus, the Court must interpret the contract to determine whether it allows Synovus to obtain a judgment *in personam* or whether it requires foreclosure.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(a) provides that a party is entitled to summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] In reviewing a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party,[4] and it "may not make credibility determinations or weigh the evidence."[5] When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a

---

[2] Furthermore, as to formation, Tennessee law "conclusively presumes that the parties to a contract understood its obligations, and evidence is not admissible to show that their understanding was in fact otherwise." *Gates v. Levatino*, 962 S.W.2d 21, 25 (Tenn. Ct. App. 1997) (citing *McQuiddy Printing Co. v. Hirsig*, 134 S.W.2d 197, 204 (Tenn. 1939)).

[3] Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Eastham v. Chesapeake Appalachia, L.L.C.*, 754 F.3d 356, 360 (6th Cir. 2014).

[4] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[5] *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014).

4

genuine issue for trial."[6] It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts."[7] These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.[8] When determining if summary judgment is appropriate, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."[9] In this Circuit, the nonmoving party must "put up or shut up" as to the critical issues of the claim.[10] The Court must enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[11]

## DISCUSSION

Synovus has established the three elements of a breach of contract: "(1) the existence of an enforceable contract, (2) nonperformance amounting to breach, and (3) damages caused by the breach of contract."[12] The parties do not dispute that a contract exists, that the Defendants

---

[6] *Celotex*, 477 U.S. at 324.

[7] *Matsushita*, 475 U.S. at 586.

[8] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[9] *Id.* at 251–52.

[10] *Lord v. Saratoga Capital, Inc.*, 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989)).

[11] *Celotex*, 477 U.S. at 322.

[12] *C & W Asset Acquistion, LLC v. Oggs*, 230 S.W.3d 671, 676-77 (Tenn. Ct. App. 2007) (quoting *ARC LifeMed, Inc. v. AMC-Tenn., Inc.*, 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005)).

5

breached by failing to pay, or that Synovus incurred damages.[13] The only disagreement is whether Synovus may obtain a judgment against the Defendants without first foreclosing. The Defendants argue that the "Remedies Upon Default" section is ambiguous, while Synovus argues that the plain language of the section gives it the right to seek a judgment against Highway Seventy and the individual Defendants.

Above all, "[i]n 'resolving disputes concerning contract interpretation, [the Court's] task is to ascertain the intention of the parties based upon the usual, natural, and ordinary meaning of the contractual language.'"[14] But "[a] court's initial task in construing a contract is to determine whether the language of the contract is ambiguous."[15] In determining whether ambiguity exists, the Court looks to the language in context of the entire agreement to ascertain whether it may be fairly understood in more than one way.[16] The Court, however, will not place a "strained construction . . . to find ambiguity where none exists."[17] If the language is unambiguous, "then the parties' intent is determined from the four corners of the contract."[18] "This determination of the intention of the parties is generally treated as a question of law because the words of the

---

[13] *See* Def.'s Resp. Mot. Summ. J. 4, ECF No. 74.

[14] *Planters Gin. Co. v. Fed. Compress & Warehouse Co.*, 78 S.W.3d 885, 890–91 (Tenn. 2002) (quoting *Guiliano v. Cleo, Inc.*, 995 S.W.2d 88, 95 (Tenn. 1999)). The Loan Agreement is subject to the laws of Tennessee, and therefore the Court applies Tennessee law. Loan Agreement ¶ 10(d), ECF No. 1-2.

[15] *Planters Gin Co.*, 78 S.W.3d at 890.

[16] *Farmers-Peoples Bank v. Clemmer*, 519 S.W.2d 801, 805 (Tenn. 1975).

[17] *Id.*

[18] *Ray Bell Constr. Co. v. Tenn. Dep't of Transp.*, 356 S.W.3d 384, 387 (Tenn. 2011).

contract are definite and undisputed, and in deciding the legal effect of the words, there is no genuine factual issue left for a jury to decide."[19]

The "Remedies Upon Default Section" clearly provides Synovus the right to recover for default in any manner authorized by law, at any time, and in any order. The Court will not strain the contract—agreed to and signed by the Defendants—to find ambiguity. In addition to "taking immediate possession of any or all collateral including real and personal property," the plain language of the contract indicates that the parties intended Synovus to have the right to act in any way "provided by law" in the event of default.[20] The Defendants agreed to and signed the contract; their testimony regarding their understanding of the contract is not admissible to vary the plain meaning. Thus, if the contract gives Synovus the ability to proceed in any manner authorized by law, then the only question remaining for the Court is whether Tennessee law allows a lender to obtain a personal judgment against a defaulted borrower in lieu of foreclosing on the subject property.

The Defendants argue only ambiguity, and do not refer to any case law or statute requiring that a creditor foreclose before obtaining a judgment. In Tennessee, a creditor is "not required to foreclose on the property securing the debt, because a creditor is entitled to bring an action *in personam* to recover on a debt even where the debt is otherwise secured."[21] Thus,

---

[19] *Planters Gin Co.*, 78 S.W.3d at 890 (citing 5 Joseph M. Perillo, *Corbin on Contracts*, § 24.30 (rev. ed. 1998); *Doe v. HCA Health Servs. of Tenn., Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001)).

[20] Loan Agreement ¶ 9(d). The relevant portion of the section is reproduced above.

[21] *RL BB ACQ II-FL LAND 360, LLC v. Macland 360, LLC*, No. 1:11-cv-285, 2013 U.S. Dist. LEXIS 32209, at *19–20 (E.D. Tenn. Mar. 8, 2013) (citing *N.C. Mut. Life Ins. Co., Inc. v. Evans*, No. 66, 1990 Tenn. App. LEXIS 915, at *3 (Tenn. Ct. App. Dec. 31, 1990) (holding that a plaintiff creditor need not mitigate by foreclosing because he may bring suit to collect on the trust deed)); *see Stephens* v. Greene *Cnty. Iron Co.*, 58 Tenn. 71 (Tenn. 1872) ("It is well settled

Synovus may obtain a judgment against the general partnership and the individual guarantor Defendants.

As Defendants have not proffered any additional affirmative defenses, there is no dispute as to any material facts in this case. The Plaintiff thus prevails under Count One of the Complaint against Defendant Highway Seventy and under Count Two against the individual Defendants: there is no material dispute on any of the elements of breach, and Defendants' ambiguity defenses fail as a matter of law. Third, Defendants have offered no response to Plaintiff's request for attorney fees, which the parties contracted for in the loan agreement. Under section 10(h), the Defendants agreed "to pay the reasonable attorney fees of Bank and all costs that may reasonably be incurred by Bank upon demand."[22] Defendants have not disputed Synovus's calculations of damages in the amount of $389,002.33 principal, $47,011.54 interest through April 7, 2015 (plus additional accrued interest at the daily rate of $64.83 through the date of judgment), and $2,823.90 in late charges and other fees.[23]

## **CONCLUSION**

Defendants signed a loan agreement which unambiguously gave Synovus the right to proceed in any way under the law upon default. Defendants had ample opportunity to read and understand the contract. As a matter of law, the contract is unambiguous, and the Court will not strain the language to find ambiguity where none exists. No material facts remain in dispute;

---

that a mortgage, or deed of trust, is but a security for the debt, and a creditor, by note or other legal evidence of debt, may, at his election, bring his action on the note, or legal liability to proceed upon his mortgage or trust security . . . .").

[22] *See* Loan Agreement ¶ 10(h).

[23] Defs.' Resps. to Pl.'s Statement Undisputed Facts ¶ 12, ECF No. 74.

therefore, Synovus's Motion for Summary Judgment is **GRANTED**.  Judgment shall be entered in favor of Synovus and against all Defendants in the amount of $442,657.23.

**IT IS SO ORDERED.**

                                          **s/ S. Thomas Anderson**
                                          HON. S. THOMAS ANDERSON
                                          UNITED STATES DISTRICT COURT

                                          Date: June 8, 2015.